IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| v. ) | **CRIMINAL NO. 12-0141-KD** |
| ) | |
| **MORRIS SEARS,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

This matter comes before the Court on preliminary review of the parties' filings relating to the Government's "Motion for *Daubert* Hearing on Proposed Defense Experts" (doc. 54).[1] That preliminary review reveals significant unanswered questions regarding the testimony that defendant intends to elicit from Dr. James G. Pace and Dr. John Tucker at trial. Rather than reflexively setting this matter for a time-consuming and potentially unnecessary *Daubert* hearing as the Government requests, the Court will require substantial clarification from defendant.

Defendant, Morris Sears, is charged with seven counts of falsifying documents to obstruct the administration of government contracts, in violation of 18 U.S.C. § 1519, and one count of making false material statements under oath in connection with a bankruptcy case, in violation of 18 U.S.C. § 152(2).

On September 4, 2012, Sears filed a Notice (doc. 26) in which he indicated that Sears suffered from various medical conditions, underwent various surgical procedures and treatments, and took various medications during the time period in which the § 1519 violations are alleged to have occurred. The Notice stated that the defense may call Dr. Pace and Dr. Tucker (among

---

[1] Also before the Court is defendant's *Ex Parte* Motion to File Exhibits under Seal (doc. 72). In that Motion, defendant seeks leave of court to file his confidential, sensitive, personal medical records under seal. For cause shown, the *Ex Parte* Motion to File Exhibits Under Seal is **granted**. To date, however, defendant has not electronically filed those exhibits, but simply transmitted hard copies of those exhibits to the Clerk of Court via overnight courier. Defendant is **ordered** to scan and electronically file those exhibits **under seal** on or before **October 12, 2012**. Any questions that defense counsel may have about the proper means of performing these tasks should be directed to the Clerk's Office.

other "licensed physicians") "to testify as expert witnesses as to the above medical treatments and their effects on defendant's ability to commit the crimes charged." (Doc. 26, at 2.)

In the ensuing weeks, Sears furnished the Government with precious little elaboration as to how he envisions Dr. Pace and Dr. Tucker testifying on his behalf. On September 14, 2012, Sears sent an e-mail to the Government indicating that Dr. Pace is one of Sears' "primary treating physicians," and that the defense does "not expect that Dr. Pace will testify directly about Mr. Sears [sic] intent or lack of intent *per se*. He will testify that based upon his observations at the time of the crimes charged in the indictment, 2006-2008, that Mr. Sears suffered from severe and chronic coronary artery disease, peripheral vascular disease, and congestive heart failure." (Doc. 71, Exh. C.) And in an e-mail dated September 28, 2012, Sears cryptically notified the Government that Dr. Tucker "will testify concerning the matters reflected in the records and office notes, more particularly during the period of time when Mr. Sears is charged in the indictment …." (Doc. 71, Exh. D.)

The crux of the Government's Motion for *Daubert* Hearing is its concern that Drs. Pace and Tucker may intend "to offer expert testimony on the issue of Sears's cognitive abilities" (doc. 75, at 2). More specifically, the Government expresses doubt that these physicians are qualified to testify as experts as to those particular matters, and further questions whether their testimony would lie within the permissible scope of expert testimony under Rule 702.

Here's the problem. For all of his protestations about the extensiveness of his disclosures, Sears has failed to provide the Government with concrete, basic information as to the opinions he intends to elicit from Drs. Pace and Tucker. With respect to Dr. Pace, all the defense has said is that he will testify about Sears' physical ailments at the time of the alleged offenses. Will Dr. Pace's opinions stop there, or does the defense intend to ask him whether these ailments, treatments and medications impacted Sears' cognitive abilities in some way? If the latter, what opinions will Dr. Pace offer in response? The defense apparently has never answered these questions. Likewise, as to Dr. Tucker, the defense has been even more vague, indicating only that Dr. Tucker "will testify concerning the matters reflected in the records and office notes." Once again, this disclosure is totally inadequate to allow the Government to ascertain what specific opinions the defense intends to elicit from Dr. Tucker at trial, and whether such opinions relate to Sears' cognitive abilities. With the trial date looming near, now

is not the time for defendant to hide the ball as to how he anticipates using these physicians at trial.

The Government urges the Court to set a *Daubert* hearing to get to the bottom of these issues once and for all. But the record as presented is wholly inadequate (thanks to the insufficiency of defendant's disclosures) to enable the Court or anyone else to determine whether there is even a live *Daubert* issue here at all. Without knowing what opinions will be offered, one cannot possibly evaluate whether the witnesses are qualified to give them, whether they fall within the realm of their expertise, or whether they are proper subjects for expert testimony at all. Rather than convening a time-consuming hearing to answer these very basic questions, the Court finds that the more efficient approach is to require the defendant to supplement his disclosures with the specific information that everyone needs in order to assess whether there are any *Daubert*-type issues here that warrant further evidentiary development and adjudication, and if so what those issues might be.

Accordingly, defendant is **ordered**, on or before **October 12, 2012**, to file a supplemental notice that includes **specific, detailed** information concerning each of the following topics:

1. What expert opinions does the defense intend to elicit from Drs. Pace and Dr. Tucker at trial? Will those opinions be limited to a description and discussion of his physical infirmities, diagnoses and treatments (*i.e.*, his coronary artery disease and the surgical procedures described in the medical records, many of which extend through 2012)? If so, how are those opinions relevant?
2. Does the defense intend to offer expert opinions from Drs. Pace and Tucker at trial concerning Sears' cognitive abilities during the relevant time period? If so, what will those opinions be?
3. To the extent that the defense intends to offer expert opinions concerning Sears' cognitive abilities, what are Dr. Pace's and Dr. Tucker's qualifications to present such opinions? On what facts, observations, medical principles, and/or research do they rely in formulating such opinions?

All of this information could and should have been furnished to the Government long before now. Notwithstanding the defense's protestations that it has provided the Government with "summaries of their opinions" and "the bases and reasons for those opinions" (doc. 71, at 1), it

plainly has not done so.  The resulting confusion and uncertainty has placed the parties and the Court in the quandary in which they now find themselves.  It is now less than two weeks before trial and no one seems to know what, <u>exactly</u>, Drs. Pace and Tucker will say, and what qualifications and foundation exist for such opinions.  These deficiencies must be corrected immediately.

DONE and ORDERED this 9th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE