IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 12-0141-KD |
| | ) | |
| MORRIS SEARS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This matter comes before the Court *sua sponte*.

Trial was originally set for the week of October 22, 2012, and a jury was selected on October 1, 2012. On Monday, October 15, 2012, however, the Court received two faxed letters[1] from defense counsel expressing substantial concerns as to defendant's present mental condition, including specific indications from defendant's treating physician, Dr. Tucker, that defendant's neurological behavior is troubling and that defendant may not be "competent for anything" at this time. The letters related Dr. Tucker's intention to have a neurologist examine defendant "to make an assessment of Mr. Sears' competency."

At the outset of the motions hearing on October 16, 2012, the Court asked defense counsel to provide an update as to defendant's medical status.[2] Defense counsel indicated that he had visited with Sears for an hour that morning at Sears' home, and that based on that visit, counsel had no lingering concerns about Sears' ability to assist in his own defense or to understand the proceedings. Defense counsel stated that he would be ready to go to trial on

---

[1] Copies of those letters have been filed under seal as court's exhibits at document 97. The Clerk of Court will maintain these exhibits under seal because they contain sensitive, private information concerning defendant's medical status.

[2] Defendant expressly waived his right to be present at the October 16 motions hearing. As such, the Court did not have occasion to observe Sears' demeanor or interactions with others that day. Even if he had been present, however, the Court is ill-equipped to make a conclusive determination of a defendant's competency to stand trial without the help of appropriate medical examinations and reports, which of course we do not have in this case.

October 22, 2012, as scheduled; that he was not requesting a continuance; that his October 15 correspondence to the Court might have "jumped the gun;" and that at most the trial date should be continued for a week or so to allow the planned neurological assessment to occur.

Notwithstanding defendant's stated preference that this matter proceed to trial as scheduled, the law is clear that trial courts must undertake a *sua sponte* investigation of a defendant's competency when they harbor *bona fide* doubts as to a defendant's competency to stand trial, even when no party has articulated such a request.[3] Such *bona fide* doubts unquestionably exist here, based on the specific information set forth in the October 15 correspondence, including representations that Sears' own treating physician has questioned this week whether he is "competent for anything." Under the circumstances, it would be irresponsible (not to mention legally incorrect) to ignore these *bona fide* doubts and plow forward with trial based on an unsubstantiated hope that this was nothing more than a false alarm or a transitory adverse reaction to medication.

For the foregoing reasons, the jury trial of this matter is **continued** and the jury that was selected on October 2, 2012 to hear the trial of this case is **released** from further service.

The obvious question is: What happens next? The Court addressed this issue with the parties during the October 16 hearing; however, for the sake of clarity, the plan going forward is memorialized here. First and foremost, what must happen is that Sears must be evaluated by a neurologist to assess his competency, as per Dr. Tucker's recommendation. There is some confusion in the record as to when that neurological assessment can occur; however, the final estimate voiced by defense counsel in the October 16 hearing appeared to be 4 to 6 weeks. Defense counsel is **ordered** to work diligently to schedule such an evaluation (mindful, of course, of the neurologist's apparent concerns that the assessment must be delayed to allow for

---

[3] *See, e.g., Pardo v. Secretary, Florida Dep't of Corrections*, 587 F.3d 1093, 1099 (11th Cir. 2009) ("A trial judge must conduct a *sua sponte* sanity hearing if the defendant's conduct and the evidence raises as [*sic*] 'bona fide doubt' regarding the defendant's competence to stand trial."); *Newland v. Hall*, 527 F.3d 1162, 1212 (11th Cir. 2008) ("when the competency of a defendant to stand trial is called into question – whether by defense counsel, the prosecutor, or the court on its own initiative – the universal practice is that the court orders the defendant examined and the results of the examination are communicated to the court and the parties"); *Thompson v. Wainwright*, 787 F.2d 1447, 1458 (11th Cir. 1986) ("A court that has a bona fide doubt of the defendant's competency to stand trial must sua sponte conduct a hearing to consider that issue.").

Sears' recent experience of being under general anesthesia for a surgical procedure), and to notify the Court and opposing counsel in writing when such an assessment is scheduled.

After that neurological examination is completed, the neurologist's report will be shared with whatever mental health professional is designated to perform a competency examination of Sears. Regarding that designation, the parties are **ordered** to file written notice, on or before **October 24, 2012**, reflecting whether they have agreed on who should perform the competency exam in this case and, if so, who that expert is. Should the parties not reach agreement, the Court will unilaterally select an expert to perform this examination. Once that competency assessment has been performed and a report has been generated, the parties will be afforded a reasonable opportunity to adopt or to reject that report, or to request that Sears be seen by another expert of their own choosing. Only then can a final competency determination be made.

Given these circumstances, the Court has considerable doubt that this case will be ready for trial during the November term. Nonetheless, to accommodate defendant's wish to proceed to trial as expeditiously as possible, the Court has reset this matter for jury selection on **October 29, 2012**, with trial to follow in the November term. Depending on the parties' updates in the coming days as to the scheduling of the requisite examinations and assessments, it is entirely possible that the trial of this matter will of necessity slip to a later criminal term.

DONE and ORDERED this 18th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE